IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**SUSAN A. MORROW**
        **Petitioner,**

**v.**                                                            **Case No.  5:09cv225/SPM/MD**

**WALTER A. MCNEIL,**
        **Respondent.**

_____

## REPORT AND RECOMMENDATION

Before the court is a second amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 13).  Respondent has filed a motion to dismiss the petition as time-barred (doc. 23), providing relevant portions of the state court record (doc. 26).  Petitioner has responded in opposition to dismissal.  (Doc. 28). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On December 12, 2001, petitioner was convicted upon jury verdict of two counts of uttering a forged instrument, in the Circuit Court of Bay County, Florida,

case number 01-0753. (Doc. 26, Ex. A, p. 192; Ex. B).[1] On December 20, 2001, she was adjudicated guilty and sentenced as an habitual felony offender to consecutive terms of 10 years imprisonment on each count. (Exs. C, D). Petitioner's convictions and sentences were affirmed on direct appeal on March 5, 2003, without written opinion. *Morrow v. State*, No. 1D02-440, 838 So.2d 1151 (Fla. 1st DCA 2003) (Table) (copy at Ex. I). Petitioner's *pro* se motion for rehearing was denied on April 17, 2003. (Ex. J).

During the pendency of petitioner's direct appeal, petitioner filed two motions pursuant to Florida Rule of Criminal Procedure 3.800. On February 20, 2002, petitioner filed a *pro se* motion for reduction and modification of sentence under Fla. R. Crim. P. 3.800(c). (Ex. K). An order denying the motion was entered on March 14, 2002. (Ex. L). No appeal was taken. On April 5, 2002, petitioner's counsel filed a motion to correct sentencing error under Fla. R. Crim. P. 3.800(b)(2). (Ex. E). Respondent contends the motion was not ruled upon within 60 days and was thus deemed denied. (Doc. 23, p. 2); *see* Fla. R. Crim. P. 3.800(b)(2)(B); *see also* Fla. R. Crim. P. 3.800(b)(1)(B). The online docket in petitioner's criminal case indicates that the motion, referenced as a "*pro se*" motion, was dismissed on October 10, 2002. *See* www.baycoclerk.com. Regardless, because both motions were resolved during the pendency of petitioner's direct appeal, they do not affect the statute of limitations calculation.

On or about May 28, 2003 petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. M). The motion was denied in an order filed on June 13, 2003. (Ex. N). On October 10, 2003, the Florida First District Court of Appeal ("First DCA") affirmed the denial order, without written opinion. *Morrow v. State*, No. 1D03-3402, 860 So.2d 413 (Fla. 1st DCA 2003) (Table). The mandate issued December 10, 2003. (Ex. Q). Prior to issuance of the mandate,

---

[1]Hereafter, all references to exhibits will be to those provided at Doc. 26, unless otherwise noted.

petitioner filed a petition for discretionary review in the Florida Supreme Court. The petition was dismissed on November 7, 2003. *Morrow v. State*, No. SC03-1928, 861 So.2d 430 (Fla. 2003).

During the pendency of the Rule 3.850 proceeding, petitioner filed a petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel. (Ex. T). The petition was denied on August 28, 2003. *Morrow v. State*, No. 1D03-2863, 854 So.2d 198 (Fla. 1st DCA 2003) (Table) (copy at Ex. U).

Also during the pendency of the Rule 3.850 proceeding, petitioner filed another motion to correct sentencing error under Fla. R. Crim. P. 3.800(b). (Ex. R). The motion was filed on November 26, 2003, and denied by order entered January 15, 2004. (Ex. S). No appeal was taken.

Also during the pendency of the first Rule 3.850 proceeding, petitioner filed a second motion for postconviction relief under Rule 3.850 on or about November 7, 2003. (Ex. V, p. 20). The motion was dismised on April 12, 2004 because it lacked a sufficient oath. The dismissal was without prejudice to petitioner filing "a timely amended motion with an oath regarding the contents of the actual 3.850 motion itself." (Ex. W). Petitioner filed three amended postconviction motions between April of 2004 and July of 2004. (Ex. X). On February 10, 2005, the trial court entered an order denying postconviction relief. (Ex. Y). On June 21, 2005, the First DCA affirmed the denial order per curiam without written opinion. *Morrow v. State*, No. 1D05-1393, 905 So.2d 895 (Fla. 1st DCA 2005) (Table) (copy at Ex. Z). The mandate issued July 19, 2005. (Ex. AA). Prior to issuance of the mandate, petitioner filed a petition for discretionary review in the Florida Supreme Court. The petition was dismissed for lack of jurisdiction on July 25, 2005. The Florida Supreme Court stated: "It appearing to the Court that it is without jurisdiction, the Petition for Review is hereby dismissed. See Jenkins v. State, 385 So.2d 1356 (Fla. 1980). No Motion for Rehearing will be entertained by the Court.". *Morrow v. State*, No. SC05-1288, 909 So.2d 862 (Fla. 2005) (Table) (copy at Ex. BB).

On April 25, 2005, petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Ex. CC). On May 9, 2005, the trial court entered an order dismissing the motion. (Ex. DD). Petitioner did not appeal.

On December 28, 2005, petitioner filed a motion for new trial. (Ex. EE, p. 5). The trial court denied the motion in an order entered January 13, 2006. (Ex. FF). No appeal was taken.

On August 9, 2006, petitioner filed a third motion for postconviction relief under Fla. R. Crim. P. 3.850. (Ex. GG). On August 25, 2006, the trial court denied the motion because it was time-barred. The court further noted that it was successive and that the claims therein were procedurally barred. (Ex. HH). No appeal was taken.

On or about August 14, 2006, petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court. *See* www.floridasupremecourt.org, case number SC06-1638. The court transferred the petition to the First DCA, which assigned case number 1D06-4541. The petition was dismissed on October 6, 2006 without comment except to cite to *Baker v. State*, 878 So.2d 1236 (Fla. 2004). *See Morrow v. State*, No. 1D06-4541, 939 So.2d 202 (Fla. 1st DCA 2006) (Table).

On October 3, 2007, petitioner filed another motion to correct sentencing error under Fla. R. Crim. P. 3.800(b). (Ex. II). The motion was denied on October 17, 2007. (Ex. JJ).

On or about January 24, 2008, petitioner filed another petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel. *See* www.1dca.org, Case Number 1D08-382. The petition was dismissed as untimely and successive on June 16, 2008. *Morrow v. State*, No. 1D08-382, 990 So.2d 1114 (Fla. 1st DCA 2008) (Table). Rehearing was denied on September 25, 2008. *Id*. While the motion for rehearing was pending, petitioner filed a petition for writ of mandamus in the Florida Supreme Court, in which she sought "reinstatement of *Morrow v. State*, 1D08-382." The petition was denied on September 12, 2008. *Morrow v. State*, No. SC08-1276, 992 So.2d 820 (Fla. 2008) (Table).

On May 14, 2008, petitioner filed another motion to correct illegal sentence under Fla. R. Crim. P. 3.800(a). (Ex. KK). The motion was denied in an order entered June 10, 2008. (Ex. LL). On September 29, 2008, the First DCA affirmed the denial order, without written opinion. *Morrow v. State*, No. 1D08-3174, 994 So.2d 307 (Fla. 1st DCA 2008) (Table) (copy at Ex. OO). The mandate issued November 25, 2008. (Ex. PP).

On December 3, 2008, petitioner filed another motion to correct illegal sentence pursuant to Rule 3.800(a). (Ex. QQ). The motion was dismissed on December 24, 2008. (Ex. RR). Petitioner did not appeal.

On January 16, 2009, petitioner filed a motion for postconviction relief which she stated was pursuant to Florida Rule of Criminal Procedure 3.853. (Ex. SS). On February 2, 2009, the trial court construed the motion as one for postconviction relief under Fla. R. Crim. P. 3.850, and dismissed it as successive and untimely. (Ex. TT).

On or about February 19, 2009, petitioner filed a petition for writ of error coram nobis in the First DCA. *See* www.1dca.org, Case Number 1D09-752. The petition was denied without written opinion on April 17, 2009. *Morrow v. State*, No. 1D09-752, 7 So.3d 538 (Fla. 1st DCA 2009) (Table). Petitioner's motion for rehearing was denied on June 24, 2009.

On June 8, 2009, petitioner filed what she deemed a successive motion for correction of illegal sentence. (Ex. UU). The motion was dismissed on June 23, 2009. (Ex. VV).

Petitioner initiated this federal habeas proceeding on June 27, 2009. (Doc. 1).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to her filing existed, that she bases her claims on a right newly recognized by the United States Supreme Court, or that the facts supporting her claims could not have been discovered through the exercise of due diligence before her conviction became final. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which her conviction became final. *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's judgment of conviction on March 5, 2003, and denied rehearing on April 17, 2003. Petitioner did not seek review of the judgment in the Florida Supreme Court or in the United States Supreme Court. Accordingly, her judgment of conviction became "final" for purposes of § 2244 on July 16, 2003, when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.[2] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d

---

[2]The 90-day period for filing in the United States Supreme Court a petition for a *writ of certiorari* seeking review of a decision of a state appellate court runs from the date of the state court's denial of rehearing. *See* SUP. CT. R. 13.3. The Rule provides:

770, 773 (11th Cir. 2002) (holding that one-year limitations period for state inmate's filing of federal habeas petition began to run when the time expired for filing a petition for *certiorari* with the United States Supreme Court).

At that time, petitioner's first Rule 3.850 motion (filed on May 28, 2003) was pending, which tolled the limitations period. Therefore, although the limitations period was triggered on July 16, 2003, the time between July 16, 2003 and December 10, 2003 (the date the mandate issued on appeal of the order denying postconviction relief) is not counted toward the limitations period.[3] *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure -- and consequently tolls the limitations period -- until the appellate court's issuance of the mandate on appeal).

During the pendency of the first Rule 3.850 proceeding, petitioner filed a second Rule 3.850 motion for postconviction relief on or about November 7, 2003. (Ex. V, p. 20). The motion was dismissed on April 12, 2004 because it lacked a sufficient oath (the oath was attached to a different document accompanying the motion and not the motion itself). This deficient filing did not toll the limitations period, because it was not "properly filed" under § 2244(d)(2). *See Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000) (holding that Florida prisoner's state postconviction motion which did not contain a written oath as required by Florida's criminal procedural rule was not "properly filed" under § 2244(d)(2) and thus, could not toll the one-year limitations period for federal habeas petitions). However, because the respondent is willing to use the initial filing date as the date of filing for

---

"The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* consider rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing . . . .

S<small>UP</small>. C<small>T</small>. R. 13.3 (emphasis added).

[3]Petitioner's state habeas petition to the First DCA alleging ineffective assistance of appellate counsel was pending during this same time period. Since the limitations period was already tolled, the tolling effect of this state habeas proceeding need not be discussed.

purposes of §2244(d)(2), (*see* doc. 23, p. 9), and because the issue is not dispositive, the court will do the same. Therefore, assuming without deciding that petitioner's second Rule 3.850 motion was filed on November 7, 2003, the limitations period was further tolled until July 19, 2005 (the date the First DCA issued its mandate on appeal of the order denying relief).[4] At this point, petitioner still had one year remaining on her federal limitations period.

The limitations period ran for 161 days until December 28, 2005, when petitioner filed her motion for new trial under Florida Rule of Criminal Procedure 3.600. (Ex. EE). The trial court denied the motion on the merits in an order entered January 13, 2006. (Ex. FF). No appeal was taken. Respondent asserts this motion "was not a properly filed motion for postconviction relief and did not serve to toll the federal limitations period," (doc. 23, p. 10 n. 4), but does not explain the basis of this contention (e.g., the motion did not qualify as a tolling motion under § 2244(d)(2), the motion was not "properly filed," etc.). Nor does respondent cite to any authority to elucidate his position. Nonetheless, it appears to the undersigned that petitioner's motion for a new trial was untimely, and therefore would not toll the limitations period. In Florida, a motion for a new trial must be filed within ten days after the rendition of the verdict. *See* Fla. R. Crim. P. 3.590(a) (2001); *Mitchell v. State*, 888

---

[4]Although prior to issuance of the July 19, 2005 mandate petitioner filed a petition for discretionary review in the Florida Supreme Court, that filing had no tolling effect on the limitations period, because further review in the Florida Supreme Court is not available under Florida law. *See Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (holding that a state application for post-conviction relief is "pending" within the meaning of 28 U.S.C. § 2244(d)(2), "as long as the ordinary state collateral review process is 'in continuance'- *i.e.*, 'until the completion of' that process."); *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) (same). In *Jenkins v. State*, 385 So.2d 1356 (Fla. 1980), the Florida Supreme Court held that it lacks jurisdiction to review per curiam decisions such as that rendered in petitioner's Rule 3.850 appeal. This aspect of Florida law has been recognized by the United States Supreme Court, *see Hobbie v. Unemployment Appeals Comm'n of Florida*, 480 U.S. 136, 139 n. 4, 107 S.Ct. 1046, 94 L.Ed.2d 190 (1987), and the Eleventh Circuit Court of Appeals, *see Byrd v. Wainwright*, 722 F.2d 716, 718 n. 2 (11th Cir. 1984); *see also Bismark v. Secretary Dep't of Corrections*, 171 Fed. Appx. 278, 280 (11th Cir. 2006) (holding that petitioner's unsuccessful attempt to invoke the discretionary review of the Florida Supreme Court to review the appellate court's per curiam affirmance of the denial of postconviction relief had no tolling effect on the federal limitations period, because such relief is not available under Florida law). *See also, e.g., Reighn v. McNeil*, No. 3:08cv505/RV/EMT, 2009 WL 3644805, at * 4 n. 2 (N.D. Fla. Oct. 30, 2009) (holding that petitioner's notice to invoke discretionary jurisdiction of the Florida Supreme Court to review per curiam decision issued in postconviction appeal did not toll the limitations period under § 2244(d)(2)); *Wright v. McNeil*, No. 5:08cv180/RS/MD, 2009 WL 179626, at *2 n. 5 (N.D. Fla. Apr. 20, 2009) (same).

So.2d 665, 666-67 (Fla. 1st DCA 2004); *State v. Robinson*, 417 So.2d 760, 761 (Fla. 1st DCA 1982). In this case, the verdict was rendered on December 12, 2001 (Ex. B), giving petitioner until December 24, 2001 to file her motion.[5] She did not file her motion until over four years later on December 28, 2005. Since the motion for a new trial was obviously untimely filed, it is not considered a "properly filed" application for purposes of § 2244(d)(2). *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (holding that time limits on postconviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed").

The fact that the state trial court denied the motion on the merits does not alter this conclusion. *Cf. Evans v. Chavis*, 546 U.S. 189, 126 S.Ct. 846, 852, 163 L.Ed.2d 684 (2006) (holding that a state supreme court order "denying a petition 'on the merits' does not automatically indicate that the petition was timely filed;" in the absence of a clear indication that a particular petition is timely or untimely, the federal court must decide whether the filing was timely under state law)*; Carey v. Saffold*, 536 U.S. 214, 225-26, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (holding that a state court ruling "on the merits" does not necessarily mean the underlying petition was timely); *see Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008) (holding that even if the Florida Supreme Court reached the merits of a motion for postconviction relief, consideration of the merits cannot alone convert a motion that is time-barred under state law into a properly filed motion for tolling purposes under the AEDPA); *Lewis v. Norris*, 454 F.3d 778, 780 (8th Cir.) (holding that state postconviction motions were untimely under state law and therefore not "properly filed" under § 2244(d)(2), even though the state court denied the motions on the merits and did not address whether they were timely), *cert. denied*, 127 S.Ct. 515, 166 L.Ed.2d 384 (2006). As the Eleventh Circuit explained in *Gorby*:

> We are applying a federal statute and are guided by congressional intent. We will not allow the tolling of AEDPA's

---

[5]December 22, 2001 was a Saturday.

limitations period when it is clear that the petitioner failed to seek timely review in state court. To do otherwise would undermine the statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.

*Id*. at 1368 (citations and internal quotations omitted).

But even assuming, without deciding, that the motion for a new trial qualifies as a "properly filed" application for state postconviction or other collateral review under § 2244(d)(2), tolling the time during which this application was pending will not render a timely result for petitioner.

The motion for a new trial was pending from December 28, 2005 (the date it was filed) until February 13, 2006 (the date the 30-day deadline for appealing the denial order expired). At this point, the limitations clock started once more, and ran for 181 days until petitioner filed her state habeas petition on August 14, 2006.[6] This proceeding was pending until October 6, 2006, when the First DCA dismissed the petition pursuant to *Baker v. State*, 878 So.2d 1236 (Fla. 2004).[7] *See Thompson v. Secretary, Dep't of Corrections*, 595 F.3d 1233 (11th Cir. 2010) (holding that state habeas petitions dismissed under *Baker*, but that appeared to meet all state procedural and filing requirements on their face, were "properly filed" under § 2244(d)(2), and therefore tolled the limitations period). By this time, 342 days of the

---

[6]Although petitioner filed a third Rule 3.850 motion on August 9, 2006, that motion did not toll the limitations period because, as the state court found, it was untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that a state postconviction petition rejected by the state court as untimely is not "properly filed' within the meaning of 28 U.S.C. § 2244(d)(2); *see also Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007) (per curium) (reiterating that "When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).") (internal quotations and citations omitted); *Artuz, supra*; *Sweet v. Secretary, Dep't of Corrections*, 467 F.3d 1311, 1318 (11th Cir. 2006) (holding that when a state court unambiguously rules that a postconviction motion is untimely under state law, federal courts must respect that ruling and conclude that the motion was not "properly filed" for purposes of § 2244(d)(2), even if the state court alternatively holds that the motion would have otherwise failed).

[7]In *Baker*, the Florida Supreme Court held that post-conviction relief for individuals convicted of noncapital crimes in Florida must ordinarily be obtained through a Rule 3.850 motion in the sentencing court, rather than through a habeas corpus petition. *See Baker*, 878 So.2d at 1245.

limitations period had run.  The limitations period expired 23 days later, on October 30, 2006.[8]

All of petitioner's remaining motions were filed on or after October 3, 2007, after the limitations period expired.  Therefore, they did not toll the limitations period.  *See Alexander v. Secretary, Dep't of Corrections*, 523 F.3d 1291, 1294 (11th Cir. 2008) (holding that a state court motion for postconviction relief or other collateral review cannot toll the limitations period if that period has already expired); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) (same).  Nor did the later filings reinitiate the federal limitations period.  *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).  As the original § 2254 petition was not filed in this court until June 27, 2009, it is untimely.

In response to the motion to dismiss petitioner makes several arguments, only one of which warrants comment.  Petitioner takes issue with respondent's statement in a footnote that her "several Rule 3.800(c) motions to mitigate sentence did not serve to toll the federal limitations period" because the Eleventh Circuit has held that Rule 3.800(c) motions do not qualify as tolling motions under § 2244(d)(2).  (Doc. 28, referencing Doc. 23, p. 10 n. 4).  But that argument does not alter this court's conclusion that the instant petition is time-barred.  The court gave petitioner the benefit of statutory tolling for all of her Rule 3.800 motions filed prior to expiration of the limitations period.  The remaining Rule 3.800 motions were disallowed for tolling purposes because they were filed after the federal limitations period expired, not because they were Rule 3.800(c) motions.

Petitioner does not allege or demonstrate that she is entitled to equitable tolling or any other exception to the AEDPA's one-year limitations period.

---

[8]**October 29, 2006 was a Sunday.**

**CONCLUSION**

The instant petition for writ of habeas corpus is untimely. The record does not support application of the equitable tolling doctrine or any other exception to the limitations period. Therefore, the second amended petition should be dismissed.

**CERTIFICATE OF APPEALABILITY**

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 23) be GRANTED.

2. That the second amended petition for writ of habeas corpus (doc. 13) challenging the judgment of conviction and sentence in *State of Florida v. Susan*

*Alta Morrow*, in the Circuit Court of Bay County, Florida, case number 01-0753, be DISMISSED WITH PREJUDICE.

      3. **That the clerk be directed to close the file.**

      4. **That a certificate of appealability be DENIED.**

      **At Pensacola, Florida this 21st day of April, 2010.**

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**